All right, is the Good morning, judges. May it please the court, my name is Justin Harrell, and I represent Mr. Enoche Wix. Your Honors, I submit this is an exceedingly straightforward issue that's before you today. I submit that based on what you've submitted, the issues have been resolved. You don't have the relief you want. Pardon me, Your Honors? You don't already have the relief you want. I thought y'all had some type of agreement with the government. Well, Your Honor, with regards to the competency issue concerning Mr. Wix and his capacity to represent himself or to assist his counsel during the revocation hearings, the government and the appellate have conceded. We do agree that there is merit to that argument, but there's been no ruling from this court. So the only issue before the court today concerns, as far as I am arguing, Your Honor, or prepared to argue, concerns the competency of Mr. Wix, which is undisputed between the government and the appellate. So what do you need from this court? As far as I can tell, Your Honor, I need an affirmation from this court disposing of the case as the government and I have suggested remanding this matter back with an order vacating the revocation for Mr. Wix and ordering the district court to conduct a competency hearing and perhaps at that point bring Mr. Wix back so that he can complete his revocation hearing after he's been properly restored or found competent to proceed. I guess I just thought that could be done by agreement. Then you could move to dismiss the appeal and we wouldn't be here. But you go ahead and tell me what you need us to do. Very well, Your Honor. Tell us why we need to do it. So go ahead. It's a straightforward issue, and as I think we're discussing now, it's also somewhat novel. I think it has caught the government and I a little off guard in terms of how the proceedings need to go forward in order to remand this matter back. I think it confused the district court during the time of the revocation because all the parties agreed that Mr. Wix was operating under severe mental distress, but nobody seemed to understand that the district court had the authority to order a competency hearing and indeed was mandated to order a competency hearing when Mr. Wix's capacity was so clearly questioned by everybody, by his parole officer, by a standby counsel, by government, and of course by the district court. And that motion could have also been brought by one of the parties at the time as well, right? It could, Your Honor, and save for standby counsel, I don't know if Mr. Wix was authorized to represent himself. He was granted standby counsel. I'm not sure if she would have had the authority to overstep because her role was merely to serve as his assistant and an auxiliary, but any one of the parties could have raised it. Including the government. Including the government. Yes, Your Honor. And there's a portion in the transcripts where both the judge and the government are discussing how this is the first time either of them have come to a situation where there are questions of competency in a post-verdict posture. So I don't believe anybody was aware at the time what they could have done. But the statute clearly authorizes and again mandates competency review if there is reasonable cause to believe there is a mental defect or disease affecting the defendant. And that extends to probation and supervised release. So this is not a case where there was any factual dispute. This is not a case where the district court judge simply did not believe that mental health was an issue. Even the court did. But the court seemingly felt powerless in ordering any form of restoration or any form of evaluation, let alone restoration. So the court was unaware that it had that tool in a revocation hearing, though all the parties spoke very frankly about the need for some kind of treatment for Mr. Wicks. So on appeal, the government and I concede, we have come to an accord that that is likely a meritorious issue, the failure to grant a competency hearing when it is mandated that the district court do so and when the district court was expressing concern as to the competency of the defendant. What comes next, Your Honor, is a gray area, I think, for all of us. But it's my understanding and it's my request that this court remand the matter back for a second revocation hearing with instructions that Mr. Wicks undergo a competency evaluation. If he has been restored to competency during his time at the Bureau of Prisons, then the matter can proceed properly in a revocation hearing where he can assist his counsel. Perhaps he will elect not to represent himself or make injurious statements on the record against his own best interest because he will be competent. He will understand the proceedings.  But we would recommend, Your Honor, and we would request, Your Honors, that the matter be remanded back for hearing after there is some determination as to Mr. Wicks' competency. And, Your Honor, I believe the government is going to join in that request. As to every other issue that's been raised in our briefs, the government has elected not to respond to those because should the court dispose of this case as we are requesting, as we are jointly requesting, those issues will be moot. I'm not prepared to argue those. I am willing to submit those other issues that were raised in the briefs simply as they are raised in the briefs. I believe the argument was adequately addressed. And should the court choose to address any of those issues, I believe Your Honors can do so simply based on the pleadings. But if you have any questions regarding any of the issues, please, I'm happy to address them. All right. Thank you. Thank you, Counsel. Mr. Boydman. Thank you, Your Honors. May it please the Court, Kevin Boydman for the government and along with me is AUSA Ryan McLaren. Keep your voice up, please. Yes, sir. Your Honor, as the opposing counsel mentioned, we do join in the requested relief here, finding that there was error needing to vacate the judgment. And two quick responses to your questions. Judge Graves first. On the question of why are we here and why couldn't it have been handled through a motion, the biggest reason would be the need to vacate the judgment. And in the past where, depending on who gets sometimes the motions, we've sometimes got the opinion that even though we might believe that, we still need a judgment from the court vacating the judgment, not sure that the motion itself would have done that. So that's one reason. At least we in the government didn't perceive that way. The other question is, Judge Douglas, I believe you asked, you know, could this have been, could the competency hearing have been requested by one of the parties below? And the answer is yes. And that's actually one of the reasons we think there was error here. There seemed to be a confusion among the court and counsel as to whether that could proceed in a supervised release context. And that's page 1507 of the record shows some of that. And that was one of the things when we looked at it that led us to see that the district court may have misapprehended its authority in not understanding that it actually had the authority to hold a competency hearing in a supervised release revocation. The government and standby counsel didn't exactly answer that question directly, but everybody felt there was a, that there was a concern. And I think the district judge said everybody, except maybe for the defendant himself, thought there was the need for some kind of psychiatric evaluation, including the doctors from Greenbrier. So we see it as just there was, on this record, there was a reasonable cause under 4241A to elect the hearing. The district judge did have the authority to do so, but he may not have recognized he did it. That's why we have joined in to say there was legal error. And on this record, we would request that the court state that the district court does have the authority to hold a competency hearing under 4241A and 4241B in a supervised release revocation context, vacate the judgment, issue the mandate forthwith, although the case expedited, I believe your rules may call for that already, and remand for further proceedings so the district court can determine what to do from there. And if there remains reasonable cause under 4241A, have the competency hearing and we'll go from there. That's our position and why we took it. I welcome any questions from the court. Thank you. Thank you, Your Honor. I have no rebuttal, Your Honor. All right. Thank you. All right.